# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL BURNS, JR. | ) | **CASE NO.** |
| c/o Stiefvater Law, LLC | ) | |
| 8748 Brecksville Rd., Ste 216 | ) | **JUDGE:** |
| Brecksville, OH 44141 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| vs. | ) | **(JURY DEMAND ENDORSED HEREIN)** |
| | ) | |
| CHIEF JAMES FOSTER, | ) | |
| Individually and in his Official Capacity | ) | |
| 616 Engle Road | ) | |
| Brook Park, OH 44142 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RAYMOND KOPCHAK, | ) | |
| Individually and in his Official Capacity | ) | |
| 616 Engle Road | ) | |
| Brook Park, OH 44142 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KIMBERLY STEVENS | ) | |
| Individually and in her Official Capacity | ) | |
| 616 Engle Road | ) | |
| Brook Park, OH 44142 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EDWARD POWERS | ) | |
| Individually and in his Official Capacity | ) | |
| 616 Engle Road | ) | |
| Brook Park, OH 44142 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE(S) | ) | |
| Individually and in their Official | ) | |
| Capacities | ) | |
| 616 Engle Road | ) | |
| Brook Park, OH 44142 | ) | |

1

```
                                    )
                                    )
                                    )
and                                 )
                                    )
CITY OF BROOK PARK, OHIO            )
616 Engle Road                      )
Brook Park, OH 44142               )
                                    )
                  Defendants.       )
```

Now comes Plaintiff, Samuel Burns, Jr., by and through the undersigned, and for his Complaint against Defendants, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Samuel Burns, Jr. brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, as well as the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Plaintiff also asserts claims under Ohio law.  These claims are so related to the facts and circumstances underlying the claims referred to in the preceding paragraph that they form part of the same case or controversy.  This Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367.

3. Each of the defendants either resides or is otherwise located within this judicial district, and all or a substantial portion of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.  Accordingly, venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Samuel Burns, Jr. (hereinafter "Plaintiff") is a citizen of the State of Ohio, County of Cuyahoga, and City of Brook Park.

2

5. Defendant James Foster (hereinafter "Foster") is a citizen of the State of Ohio.  At all times relevant herein, Foster was employed by the Brook Park Police Department.  Defendant Foster is being sued in his official and individual capacities.  As a police officer and Chief of Police, Defendant Foster swore to support the United States Constitution and the Constitution of the State of Ohio. As Chief of Police of the City of Brook Park, Foster is an official policy maker for the City as it relates to the Police Department.

6. Defendant Raymond Kopchak (hereinafter "Kopchak") is a citizen of the State of Ohio.  At all times relevant hereto, Kopchak was employed by the City of Brook Park as a police officer.  Defendant Kopchak is being sued in his individual and official capacity.  As a sworn police officer, Defendant Kopchak swore to support the United States Constitution and the Constitution of the State of Ohio.

7. Defendant Kimberly Stevens (hereinafter "Stevens") is a citizen of the State of Ohio.  At all times relevant hereto, Stevens was employed by the City of Brook Park as a jailer.  Defendant Stevens is being sued in her individual and official capacity.  As a sworn peace officer, Defendant Stevens swore to support the United States Constitution and the Constitution of the State of Ohio.

8. Defendant Edward Powers (hereinafter "Powers") is a citizen of the State of Ohio.  At all times relevant hereto, Powers was employed by the City of Brook Park as a police officer.  Defendant Powers is being sued in his individual and official capacity.  As a sworn police officer, Defendant Powers swore to support the United States Constitution and the Constitution of the State of Ohio.

9. Defendants John Doe(s) are all citizens of the State of Ohio.  At all times relevant

3

herein, John Doe(s) were employed by the City of Brook Park, Ohio.  Defendant John Doe(s) are being sued in their individual and official capacities.

10. Defendant City of Brook Park, Ohio, is a political subdivision of the State of Ohio with various public entities under its direction, including the Mayor of the City of Brook Park, the City of Brook Park Prosecutor's Office, and City of Brook Park Police Department.

**STATEMENT OF FACTS**
**BACKGROUND FACTS**

11. Patrolman Raymond Kopchak is related to Chief James Foster by marriage.

12. Patrolman Raymond Kopchak was hired by the City of Brook Park in March 1995. He was hired into the fire department.  Kopchak became a police officer for the City of Brook Park in May of 2003.  From the beginning of his employment with the City of Brook Park, it was obvious that Kopchak had difficulty obeying orders and dealing with the public that he swore to protect and serve.  His reviews from his probationary period show that Kopchak's superiors were aware of this.  Over time, Kopchak's issues continued and became more severe.  Kopchak's record reveals, in part, the following:

13. In March 2009, Kopchak was disciplined for a use of force incident involving a Taser;

14. In September of 2009, Kopchak flaunted the law by fleeing from Parma Police officers at speeds in excess of 100mph on his motorcycle after having consumed alcohol at a bar;

15. In July of 2011 a concerned citizen and elementary teacher called the Brook Park Police Department concerned about Kopchak sitting in his patrol car behind a church with its lights off.  In response to the call, Kopchak violated LEADS policy by running

the vehicle license plates to figure out who called the department.  The very next day, Kopchak laid in wait for the citizen's vehicle to pass, initiated a traffic stop, and wrote a traffic citation in order to retaliate for the phone call reporting his whereabouts.  The Mayor of Brook Park terminated Kopchak's employment as a result of this incident.

16. An arbitration of the termination went forward.  At the arbitration, Chief Foster, in an obvious display of nepotism, testified favorably for his relative, despite his knowledge of Kopchak's record and likelihood that he would cause more issues in the future. Foster testified that Kopchak should never have been fired, that he was "salvageable" and did not need any rehabilitation.

17. Relying heavily on Chief Foster's testimony at the arbitration hearing, the arbitrator determined that Kopchak should not have been terminated.  Kopchak was then reinstated into the Brook Park Police Department.   But for Chief Foster's favorable testimony for his relative, Kopchak would not have been rehired, and he would not have been able to violate Burns' constitutional rights that are the subject matter of this lawsuit.

18. At some point after being rehired, Kopchak's wife brought vials of steroids that she found in Kopchak's locker at his residence, to the police department.  The vials were confirmed to be a Schedule III substance for which Kopchak did not have a prescription.  Kopchak admitted that the vials were his.  Despite this admission, Kopchak was not charged with a Felony Possession of Drugs, or any other crime. Chief Foster ordered that a physical be given to Kopchak.  The physical was scheduled far enough out so that Kopchak could clear his system of any all drugs prior to his screening.  No substantial action was taken for Kopchak's violation of the law.

19. Brook Park Police Officers are not adequately trained to deal with community members suffering from mental illness.  Just months prior to the incident leading to this lawsuit, Kopchak obtained a mental health training certificate.  This certificate is "earned" on-line and requires no active participation or understanding of its content to be "earned".  The City of Brook Park does not have any required mental health training that requires attendees to actively participate and learn how to deal with community members in mental health crisis.

### MAY 2014 INCIDENT

20. On April 23, 2014, Plaintiff was taken into custody of the Brook Park Police Department for what turned out to be a misdemeanor disorderly conduct.

21. Plaintiff, who suffers from bi-polar disorder, was in a deteriorating mental state.  He was entering the early stages of mental health crisis.  All parties to this lawsuit were aware of or should have been aware of Plaintiff's mental health issues.  In fact, the Berea Municipal Court had sent Plaintiff for a competency evaluation.

22. Plaintiff's condition worsened, and by May 12, 2014, he was in a full mental health crisis.  Plaintiff was in dire need for medical treatment.

23. During the early hours of May 13, 2014, Plaintiff, while in a full mental health crisis, and after his pleas for help went unanswered for over 8 hours, began splashing water. At some point, water was splashed on a camera and allegedly shorted it out.

24. At no time was Plaintiff a physical threat to himself or others.

25. In response to the camera allegedly shorting out, jailer Kimberly Stevens entered the jail area near Plaintiff.  Stevens was splashed with water and allegedly struck by an empty & lidless 16 ounce plastic soda container that had been tossed in her direction.

6

26. Ignoring Plaintiff's obvious need for mental health treatment, Stevens stated, in sum or substance, "you're going to get it now." Instead of calling the Mobile Mental Health Crisis Team, and instead of de-escalating the situation, Stevens radioed dispatch for back-up.

27. Kopchak responded to the call.  Stevens, knowing that Kopchak was going to physically punish Plaintiff for being in a mental health crisis and splashing water, stated, "here we go!"  Despite the knowledge that Kopchak was going to physically punish Plaintiff, Stevens did nothing to stop Kopchak.  Instead, Stevens encouraged Kopchak's illegal physical abuse of Plaintiff.

28. Kopchak entered the jail cell area with knowledge of Plaintiff's mental health crisis. Kopchak did not de-escalate the situation.  Kopchak screamed expletives at Plaintiff. Kopchak did not call the Mobile Mental Health Crisis Team.  Kopchak fired his Taser at Plaintiff.  Kopchak continued yelling at Plaintiff, reloaded his Taser and again tasered Plaintiff.  Kopchak tasered Plaintiff for a continuous twenty-two (22) seconds! Plaintiff suffered excruciating pain during the conscious shocking 22 second tasering.

29. Moments after Kopchak completed his tasering of Plaintiff, Sgt. Powers arrived on scene at the jail.  Powers handed Kopchak is asp and ordered Kopchak to strike Plaintiff every time Plaintiff stuck his hands through the bars of the jail cell.  Plaintiff was struck with the asp numerous times.  Sgt. Powers failed to contact the Mobile Mental Health Crisis Team.

30. No medical or emergency services were called or otherwise contacted to provide medical treatment for Plaintiff's serious medical/mental health condition(s).

31. At some point thereafter, instead of transporting Plaintiff to a hospital, Defendants

7

transported Plaintiff to the Cuyahoga County Jail.  Defendants transported Plaintiff to the jail with full knowledge of his continued mental health crisis.  Upon arrival at the jail, Plaintiff was brutalized and beaten.  Had Defendants taken Plaintiff to the hospital, he would not have been subjected to this beating.

## FELONY CHARGES

32. Defendants were fully aware that Plaintiff's constitutional rights had been violated.  In an effort to cover-up their illegal and unconstitutional actions, Defendants conspired to charge Plaintiff criminally for being in a mental health crisis.  Defendants charged Plaintiff with the following: two counts of Assault (Felony 4); Harassment by Inmate (Felony 5); Vandalism (Felony 5); and Assault (Misdemeanor 1). (Cuyahoga County Case Number CR 14-585693).

33. For over five (5) months, Plaintiff lived his life knowing that Defendants were conspiring to convict him of criminal charges in order to cover up their illegal actions.  Plaintiff was facing a potential prison sentence in excess of five (5) years.  He eventually, and out of fear of any chance of felony convictions, pled to two (2) misdemeanor offenses.

## SECOND TERMINATION

34. Kopchak was terminated from the Brook Park Police Department for a second time as a result of his excessive force used on a prisoner.  Specifically, Brook Park's position is that Kopchak "took the opportunity to punish the prisoner by Tasering him… [and] he pressed the trigger for 22 seconds to ensure the prisoner was electrocuted for a significant period of time."

35. Kopchak's second termination was upheld by the arbitrator.

8

## CLAIMS

### FIRST CAUSE OF ACTION
**ASSAULT**

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

37. Defendants Kopchak, Stevens, and Powers, and each of them, had the intent to place Plaintiff in imminent apprehension of harmful touching to his person.

38. Defendants Kopchak, Stevens, and Powers, and each of them, had the apparent present ability to cause a harmful touch to the person of Plaintiff.

39. Plaintiff was actually placed in imminent apprehension of an immediate harmful bodily contact by the actions of Defendants Kopchak, Stevens, and Powers, and each of them.

40. As a direct and proximate result of the imminent apprehension of an immediate harmful bodily contact by the actions of Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered physical injuries, scarring, great pain of body and mind, humiliation, embarrassment, loss of reputation, severe mental anguish and emotional distress, and was otherwise damaged.

41. As a further direct and proximate result of the imminent apprehension of an immediate harmful bodily contact by the actions of Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but not limited to, medical expenses and lost income.

42. The actions of Defendants Kopchak, Stevens, and Powers, and each of them, were

malicious, in bad faith, and wanton and reckless within the meaning of O.R.C.
2744.03(A)(6)(b).

43. The actions of Defendants Kopchak, Stevens, and Powers, and each of them, were
intentional, malicious, willful, and oppressive and in deliberate disregard for the rights
of Plaintiff, so as to entitle him to an award of Punitive damages and attorney fees in
addition to compensatory damages.

## SECOND CAUSE OF ACTION
### BATTERY

44. Plaintiff incorporates by reference the allegations contained in the preceding
paragraphs of this Complaint as if fully restated herein.

45. Defendants Kopchak, Stevens, and Powers, and each of them, had intent to cause a
harmful touching to the person of Plaintiff.

46. Defendants Kopchak, Stevens, and Powers, and each of them, did cause a harmful
touching to the person of Plaintiff.

47. As a direct and proximate result of the harmful touching to the person of Plaintiff by
Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered
physical injuries, scarring, great pain of body and mind, humiliation, embarrassment,
loss of reputation, severe mental anguish, and emotional distress, and was otherwise
damaged.

48. As a further direct and proximate result of the harmful touching by Defendants
Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered economic
damages in an amount to be ascertained, said damages being continuing in nature,
including, but not limited to, medical expenses and lost income.

10

49. The actions of Defendants Kopchak, Stevens, and Powers, and each of them, were malicious, in bad faith, and wanton and/or reckless within the meaning of O.R.C. 2744.03(A)(6)(b).

50. The actions of Defendants Kopchak, Stevens, and Powers, and each of them were intentional, malicious, willful, and oppressive and in deliberate disregard for the rights of Plaintiff, so as to entitle him to an award of punitive damages and attorney fees in addition to compensatory damages.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

52. Defendants Kopchak, Stevens, and Powers, and each of them, had intent to cause Plaintiff severe emotional distress.

53. The acts of Defendants Kopchak, Stevens, and Powers, and each of them, as alleged herein, were extreme and outrageous and intolerable in a civilized society.

54. As a direct and proximate result of said acts of Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff suffered physical injuries, scarring, great pain of body and mind, humiliation, embarrassment, loss of reputation, severe mental anguish and emotional distress, and was otherwise damaged.

55. As a further direct and proximate result of the acts of Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but not limited to, medical expenses and lost income.

11

56. The actions of Defendants Kopchak, Stevens, and Powers, and each of them, were malicious, in bad faith, and wanton and/or reckless within the meaning of O.R.C. 2744.03(A)(6)(b).

57. The actions of Defendants Kopchak, Stevens, and Powers, and each of them, were intentional, malicious, willful, and oppressive and in deliberate disregard for the rights of Plaintiff, so as to entitle him to an award of punitive damages and attorney fees in addition to compensatory damages.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

59. At all times herein relevant, Defendants Kopchak, Stevens, and Powers, and each of them, owed a duty of reasonable care to avoid the infliction of physical injury or emotional distress upon Plaintiff.

60. The acts of Defendants Kopchak, Stevens, and Powers, and each of them, were deeply offensive to the ordinary reasonable person.

61. At all times relative herein, Plaintiff was in the zone of danger of incurring physical injury and reasonably reared for the physical safety of his person.

62. As a direct and proximate result of said acts by Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered physical injuries, scarring, great pain of body and mind, humiliation, embarrassment, loss of reputation, severe mental anguish and emotional distress, and was otherwise damaged.

63. As a further direct and proximate result of said acts of Defendants Kopchak, Stevens,

and Powers, and each of them, Plaintiff has suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but not limited to, medical expenses and lost income.

64. The actions of Defendants Kopchak, Stevens, and Powers, and each of them, were malicious, in bad faith, and wanton and reckless within the meaning of O.R.C. 2744.03(A)(6)(b).

### FIFTH CLAIM FOR RELIEF
### FAILURE TO TRAIN AND SUPERVISE

65. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein. Plaintiff brings these claims under both state and federal law.

66. Defendants Kopchak, Stevens, and Powers were inadequately trained by Defendant City of Brook Park in the use of force and in dealing with community members in mental health crisis. Defendant City of Brook Park was deliberately indifferent to the rights and welfare of those, such as Plaintiff, with whom its officers come in direct contact.

67. As a direct and proximate result of Defendants conduct, Plaintiff has suffered losses as set forth above.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION

68. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein. Plaintiff brings these claims under both state and federal law.

69. On or about May 13, 2014, Defendants Kopchak, Stevens, and Powers, and each of

them maliciously and without probable cause charged Plaintiff with the criminal offenses of Felonious Assault (x2), Felony Harassment by Inmate, Felony Vandalism, and Misdemeanor Assault.

70. Plaintiff was not convicted of any of the charges with which he was charged.

71. The aforementioned charges filed against Plaintiff were based upon false and misleading information provided by Defendants Kopchak, Stevens, and Powers, and each of them.

72. As a direct result of the malicious prosecution of Plaintiff by Defendants Kopchak, Stevens, and Powers, and each of them, Burns suffered great stress of body and mind, was prevented from transacting his business, incurred expenses, and was otherwise damaged.

**SEVENTH CLAIM FOR RELIEF**
**CIVIL CONSPIRACY**

73. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.  Plaintiff brings these claims under both state and federal law.

74. On or about May 13, 2014, Defendants Kopchak, Stevens, and Powers wrongfully and tortuously conspired to violate the civil rights of Plaintiff by conspiring to repeatedly Taser him while he was locked in a jail cell and not a threat to himself or others.

75. On or about May 13, 2014, Defendants Kopchak, Stevens, and Powers conspired to falsely arrest Plaintiff, maliciously prosecute Plaintiff, use excessive force on Plaintiff, and by providing false and misleading information in official reports and by otherwise conspiring to violate Plaintiff's civil rights.

76. The actions of Defendants Kopchak, Stevens, and Powers as described herein were overt acts done in the furtherance of the conspiracy.

77. Defendants, acting in a combination of two or more persons, conspired to injure Plaintiff in a way that would not occur if each acted alone.

78. As a direct and proximate result of the wrongful, tortious, illegal and unconstitutional acts of Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered and will continue to suffer physical pain and suffering, humiliation, embarrassment, loss of reputation, severe mental and emotional distress, out of pocket economic damages, and was otherwise damaged.

79. As a further direct and proximate result of the tortious, illegal and unconstitutional acts of Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered, is suffering and will continue to the loss of earning and earnings capacity.

80. The actions and omissions of Defendants Kopchak, Stevens, and Powers were done in the furtherance of a conspiracy and were intentional, malicious, willful, wanton and oppressive and in deliberate disregard for the rights of Plaintiff, so as to entitle Plaintiff to an award of punitive damages in addition to compensatory damages against each defendant.

**EIGHTH CLAIM FOR RELIEF**
**CIVIL RIGHTS VIOLATIONS**

81. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

82. Defendants City of Brook Park, Foster, Kopchak, Stevens, Powers, and John Doe(s), and each of them, intentionally and unreasonably seized the person of Plaintiff, without

probable cause or justification to do so.

83. Defendants City of Brook Park, Foster, Kopchak, Stevens, Powers, and John Doe(s), and each of them, intentionally and deliberately used excessive and unreasonable force intended to cause serious physical harm and severe emotional distress to Plaintiff, despite the fact that he posed no risk of harm to Defendants City of Brook Park, Foster, Kopchak, Stevens, Powers, and John Does(s), the personnel of the City of Brook Park or himself.

84. The actions of Defendants City of Brook Park, Foster, Kopchak, Stevens, Powers, and John Does(s) in repeatedly beating and tasering Plaintiff as well as transporting him to the Cuyahoga County Jail instead of to a hospital, were deliberate and intentional violation of 42 U.S.C. §1983 and the clearly established rights of Plaintiff, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

85. As a direct and proximate result of said wrongful, tortious, illegal and unconstitutional acts of Defendants City of Brook Park, Foster, Kopchak, Stevens, Powers, and John Doe(s), and each of them, Plaintiff has suffered physical injuries, scarring, great pain of body and mind, humiliation, embarrassment, loss of reputation, severe mental anguish and emotional distress, and was otherwise damaged.

86. As a further direct and proximate result of said wrongful, tortious, illegal and unconstitutional acts of Defendants City of Brook Park, Foster, Kopchak, Stevens, Powers, and John Does(s), and each of them, Plaintiff suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but not limited to, medical expenses and lost income.

16

87. The actions and omissions of Defendants City of Brook Park, Foster, Kopchak, Stevens, Powers, and John Does(s), and each of them, were intentional, malicious, willful, oppressive and in deliberate disregard for the rights of Burns, so as to entitle Plaintiff to an award of punitive damages and attorney fees, in addition to compensatory damages.

## NINTH CLAIM FOR RELIEF
### EXCESSIVE FORCE

88. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

89. The intentional use of unreasonable and excessive force on Plaintiff, by Defendants Kopchak, Stevens, and Powers, and each of them, was malicious and sadistic and for the very purpose of causing bodily harm to Plaintiff, not for any good faith or legitimate purpose.

90. The intentional use of unreasonable force intended to cause serious physical harm, severe emotional distress, physical scarring, great pain of body and mind, to Plaintiff, by Defendants Kopchak, Stevens, and Powers, and each of them, was shocking to the conscience.

91. The actions of Defendants Kopchak, Stevens, and Powers, and each of them, were deliberate and intentional violations of 42 U.S.C. §1983 and the clearly established rights of Plaintiff, as guaranteed by the Fourth and Fourteenth Amendment to the Constitution of the United States.

92. As a direct and proximate result of the unreasonable and excessive use of force by Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered

physical injuries, scarring, great pain of body and mind, humiliation, embarrassment, loss of reputation, severe mental anguish and emotional distress, and was otherwise damaged.

93. As a further direct and proximate result of the unreasonable and excessive use of force by Defendants Kopchak, Stevens, and Powers, and each of them, Plaintiff has suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but no limited to, medical expenses and lost income.

94. The actions and omissions of Defendants Kopchak, Stevens, and Powers, and each of them, were intentional, malicious, willful, and oppressive and in deliberate disregard for the rights of Plaintiff, so as to entitle him to an award of Punitive damages and attorney fees in addition to compensatory damages.

**TENTH CLAIM FOR RELIEF**
**CIVIL RIGHTS VIOLATIONS**

95. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

96. The actions of Defendant, City of Brook Park, and its employees, agents and representatives resulted from and were taken pursuant to the unlawful and unconstitutional policy of Brook Park which fails to adequately hire, train, supervise, retain, and discipline its officers in regard to dealing with community members with mental health issues and in regard to the use of excessive force in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §1983.

97. As a direct and proximate result of Defendant, City of Brook Park's actions and

omissions, Plaintiff sustained damages, injuries, suffered extreme physical pain, and suffered extreme emotional pain.

## ELEVENTH CLAIM FOR RELIEF
### CIVIL RIGHTS VIOLATIONS

98. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

99. Upon information and belief, all Defendants acted pursuant to official policies, plans, and training of their respective agencies when they repeatedly tased Plaintiff.

100.   Upon information and belief, Defendants acted pursuant to official polices, plans and training of the City of Brook Park Police Department.

101.   All Defendants were not properly trained and/or certified in the use of force, including, but not limited to the use of Taser devices on restrained subjects who pose no risk of harm to the officer or anyone else.

102.   All Defendants were not properly trained and/or certified in the use of force, including, but not limited to the use of Taser devices on community members with mental health issues who are restrained and pose no risk of harm to the officer or anyone else.

103.   The policies and procedures of the City of Brook Park and/or the City of Brook Park Police Department resulted in violations of Burns' civil rights as described herein and exhibit a deliberate indifference to the civil rights of Plaintiff and others with whom Defendants come in contact.

104.   The City of Brook Park and/or the City of Brook Park Police Department, negligently hired, trained, retained, and/or provided inadequate training to Defendants

19

Kopchak, Stevens, and Powers.

105.   The City of Brook Park and/or the City of Brook Park Police Department has a policy of deliberate indifference to Plaintiff's serious medical condition.

106.   Defendant Foster, in his role as Chief of Police, is the final policy maker for the City of Brook Park Police Department.  His policy of nepotism is unconstitutional and is a direct and proximate result of Plaintiff's civil rights violations.

107.   The hiring practices, training practices, policies, procedures and customs of the City of Brook Park Police Department, and the policies and procedures adopted by the City of Brook Park Police Department amount to deliberate indifference to rights and liberties of the persons with whom they come in contact.

108.   As a direct and proximate result of the City of Brook Park's hiring practices, training practices, nepotism practices, retention practices and official policies and procedures, as well as the customs adopted, implemented and used by the personnel of the Brook Park Police Department, Plaintiff's civil rights were violated and Burns suffered physical injuries, scarring, great pain of body and mind, humiliation, embarrassment, loss of reputation, severe mental anguish and emotional distress, and was otherwise damaged.

### TWELFTH CLAIM FOR RELIEF
### STATE CREATED DANGER

109.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

110.   Defendants had custody of Plaintiff.  Defendants both created and increased the risk that Plaintiff would be subjected to an act of violence by a third party when they

delivered him to the Cuyahoga County Jail while in a full mental health crisis instead of taking him to the hospital to get mental health treatment.  Defendants knew or should have known that Plaintiff's civil rights would be violated, or that there was an increased risk that his civil rights would be violated by delivering him to the County Jail as opposed to a hospital for medical treatment.

111.    As a direct and proximate cause of Defendants' actions, Plaintiff has been and continues to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for:

112.    An award of $1,250,000.00 in compensatory damages against each defendant pursuant to each count;

113.    An award of $1,000,000.00 in punitive damages against each of the individual defendants for the willful and wanton disregard for the rights of Plaintiff and an award of $500,000.00 in punitive damages against the City of Brook Park;

114.    Attorney fees, interest, the costs of this action and other costs that may be associated with this action, as provided by 42 U.S.C. §1988;

115.    An order from this Court for the employees of the City of Brook Park Police Department to have increased mental health training; and

116.    Any and all other relief that this Court deems equitable, necessary, and just.

Respectfully submitted,


/s/ Robert G. Stiefvater
Robert G. Stiefvater (0076485)
Stiefvater Law, LLC
8748 Brecksville Road, Ste 216
Brecksville, Ohio 44141
TEL: 216.867.0429
FAX: 866.871.7742
rstiefvater@stiefvaterlaw.com

One Attorney for Plaintiff


## JURY DEMAND

Plaintiff hereby demands a trial by jury.


/s/ Robert G. Stiefvater
Robert G. Stiefvater
Counsel for Plaintiff